**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2762-22

DARREN PIEPER,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted December 11, 2024 – Decided December 20, 2024

Before Judges Mayer and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Darren Pieper, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Darren Pieper appeals from the April 12, 2023 final agency decision of respondent Department of Corrections (DOC) adjudicating him guilty of prohibited act .402, being in an unauthorized area in violation of N.J.A.C. 10A:4-4.1(a)(3)(xi). We affirm.

I.

On April 5, 2023, Pieper was incarcerated at the Adult Diagnostic and Treatment Center (ADTC). While performing a random head count in the recreation area, Corrections Officer M. Jimenez noticed two inmates were missing. He then saw inmate Pieper and inmate Psota exit the same Porta John three minutes apart. Officers escorted Pieper to the medical unit for an evaluation and subsequently placed him in temporary administrative housing.

On April 6, 2023, a corrections sergeant served Pieper with written disciplinary charges, alleging he committed prohibited act .402. The sergeant conducted an investigation and referred the charge to a disciplinary hearing officer for adjudication.

The hearing, originally scheduled for April 6, 2023, was rescheduled to April 10, 2023, because Pieper, who was "belligerent" when the charges were served, invoked his right to a twenty-four-hour postponement.

At the hearing, which took place at Pieper's cell, he requested and was granted the assistance of counsel substitute. He submitted a written statement in which he stated that he was using the Porta John for its intended purpose. The hearing officer reviewed Pieper's submission and the reports generated by officers with respect to the charge. In addition, the hearing officer reviewed a confidential mental health evaluation and a confidential mental health report concerning Pieper.

The hearing officer offered Pieper the opportunity to call witnesses. He declined to do so. In addition, the hearing officer asked Pieper if he wished to cross-examine the officers who drafted the reports. He declined to do so. Counsel substitute requested leniency. The hearing officer completed an adjudication form, which she showed to Pieper. Counsel substitute signed the form, indicating that it accurately reflected what transpired at the hearing.

The hearing officer adjudicated Pieper guilty of the offense. She noted that Pieper had not submitted evidence discrediting the officers' reports. The hearing officer sanctioned Pieper to a thirty-day loss of television, radio, phone, tablet, and J-Pay privileges. She referred the matter to the Institutional Classification Committee for a ninety-day loss of recreational privileges. In imposing the sanctions, the hearing officer considered Pieper's prior disciplinary

3

history and found the sanctions were necessary to deter future violations of prison regulations.

On April 12, 2023, Pieper administratively appealed the hearing officer's decision. In the appeal, he argued the charge had no legal merit, was imposed as retaliation because he previously succeeded in reversing a disciplinary adjudication by the same hearing officer, and that the hearing should have been held in a separate room because of the noise level at the time of the hearing. In addition, Pieper argued a lack of notice that the charged conduct was prohibited. He argued that "[a]t no point were there any posted signs or memos that two men cannot use side by side facilities in any restroom where there are [two] or more urinals."

The same day, Administrator Robert Chetirkin upheld the hearing officer's decision. He found the DOC complied with all procedural safeguards and that there was substantial evidence supporting the adjudication. The Administrator also found the sanctions were proportionate for the offense in view of Pieper's disciplinary history and custody status.

This appeal followed. Pieper argues: (1) he was held in prehearing housing for an excessive amount of time; (2) the hearing officer did not provide him with due process because she did not permit him to call witnesses or submit

evidence, threatened to upgrade the charge if he pursued his challenge, and held the hearing at his cell where the noise level was high; (3) the hearing officer had a conflict of interest because her prior disciplinary adjudication against Pieper had been overturned; (4) he was not provided notice that he was prohibited from occupying a Porta John with another inmate, as such conduct is not expressly prohibited by DOC regulations; (5) the adjudication is not supported by substantial credible evidence; (6) the sanctions imposed on him were excessive and not in compliance with DOC regulations; (7) the sanctions violated equal protection because inmate Psota and inmates in similar situations in the past received less severe sanctions than Pieper; and (8) prison officials failed to return his personal property promptly after completion of his sanctions.

II.

Our review of a final agency decision is limited. Reversal is appropriate only when the agency's decision is arbitrary, capricious, or unreasonable, or unsupported by substantial credible evidence in the record as a whole. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); see also In re Taylor, 158 N.J. 644, 657 (1999) (holding that a court must uphold an agency's findings, even if it would have reached a different result, so long as sufficient credible evidence in the record exists to support the agency's conclusions). "[A]lthough the

determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)).

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Figueroa, 414 N.J. Super. at 192 (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

In addition, an inmate is not accorded "the full panoply of rights" in a disciplinary proceeding afforded a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975). Instead, prisoners are entitled to: written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions

6

imposed; and, where the charges are complex, the assistance of a counsel substitute. Id. at 525-33; accord Jacobs v. Stephens, 139 N.J. 212, 217-18, 220 (1995); McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995).

Having reviewed the record, we are satisfied DOC's decision is supported by substantial credible evidence and the agency accorded Pieper all of the procedural protections to which he was entitled. An officer observed Pieper exit a Porta John a few minutes after inmate Psota exited that facility. Pieper introduced no evidence contradicting the officer's report. To the contrary, he impliedly conceded that he occupied the Porta John with Psota when he argued he was not provided notice he was prohibited from being in a Porta John at the same time as another inmate.

We find no support for Pieper's claim he was denied the opportunity to call witnesses and examine evidence at his hearing. Pieper's counsel substitute attested to the accuracy of the adjudication form which describes the evidence considered at the hearing and indicates Pieper declined to call witnesses or request cross-examination. Pieper's claims the charge was lodged as retaliation and the hearing officer was biased are unsupported speculation. In addition, we are aware of no regulation or other support for Pieper's argument that the hearing should have taken place in a separate room because it was noisy at his cell.

A-2762-22

Nor are we persuaded by Pieper's argument that the adjudication is invalid because no DOC regulation expressly informs inmates that they may not occupy a single-occupancy Porta John with another inmate. It is readily apparent that the Porta Johns in the recreation yard at ADTC, a sex offender prison, are not intended to serve as a place for inmates to rendezvous outside the sight of officers.

Pieper's equal protection arguments are equally unpersuasive. Pieper provides no evidence in support of his claim of disparate treatment, which must be considered in light of the fact that disciplinary sanctions reflect the particular circumstances from which the charges arise and the disciplinary history and custody status of the inmate charged. See N.J.A.C. 10A:4-9.17(a).

To the extent we have not specifically addressed any of Pieper's remaining arguments, many of which were not raised below, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                          A-2762-22